## NICKEL v. AYER.

(Supreme Court, Appellate Division, First Department. December 30, 1910.)

PLEADING (§ 323*)—BILL OF PARTICULARS—EVIDENCE.

    Defendant, in an action for injury from the fall of a balcony of a tenement building belonging to him, by his answer denied that the balcony at the time of the accident was in his occupation or control, or that it was maintained by him, and alleged that it was part of the premises leased to D., who was at such time in possession and control thereof, and obliged by the terms of her lease to keep the premises leased to her in repair. Held, that an order that defendant give a bill of particulars of the address of E., a copy of the lease to her, and copies of the leases to other tenants, was improper; the matters required being purely evidentiary, while such an order should be only to obtain a statement of the opposite party's claim.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 976–979; Dec. Dig. § 323.*]

Appeal from Special Term, New York County.

Action by Margaretha Nickel, administratrix of Henry L. Nickel, deceased, against Frederick Ayer. From an order directing defendant to serve a bill of particulars as to one of the defenses set up in his answer, he appeals. Reversed, and motion denied.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

Bertrand L. Pettigrew (Eugene M. Hawkins, of counsel), for appellant.

Charles Dushkind, for respondent.

CLARKE, J.. The complaint alleges that the defendant was the owner of certain premises, including a balcony, porch, or piazza maintained thereon; that said premises were leased by defendant to divers tenants, who occupied various parts thereof, the defendant granting to such tenants the rights and privileges to place, attach, and put up signs in various parts of said building; that decedent was engaged in

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

putting up a sign in front of said premises on the first floor thereof at the request of one of the tenants; that while so engaged, and standing upon the said balcony, porch, or piazza, it collapsed, owing to the carelessness, negligence, and' recklessness of the defendant in maintaining it in a dangerous, defective, and unsafe condition, whereby decedent was precipitated to the ground and killed.

The answer, in the fifth paragraph thereof, specifically denied that the alleged balcony, porch, or piazza was at any of the times mentioned in the complaint in the possession, occupation, or control of this defendant, or that it, or any portion thereof, was maintained by defendant, and alleges that said balcony, porch, or piazza was a portion of and a part and parcel of that part of said premises under lease to one E. Lucy During, who was at all such times in possession, occupation, and control of said premises, and was under obligations under the terms of said lease to keep the said premises so leased to her in repair, and that at no time did this defendant have any notice or knowledge that the alleged balcony, porch, or piazza was in anywise defective or unsafe.

The order required the defendant to give a bill of particulars, giving the full name and present address of one E. Lucy During, a copy of the alleged lease made by the defendant, with date of the execution of the same, with a copy or copies of any lease or leases executed by the defendant to the tenants for said premises, and particularly of the lease or leases covering the first and second floors of said premises, and stating the dates of execution.

It is obvious, it seems to us, that the matters required by the bill of particulars are purely evidentiary, and not proper subject for such an order, which is to obtain a statement of the opposing party's claim, and not the evidence in support or refutation thereof. We are further of the opinion that the matters stated in the answer, of which particulars are required, are pure surplusage.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.