## MILLER v. MILLER.

(Supreme Court, Appellate Division, First Department. April 7, 1911.)

PLEADING (§ 317*)—BILL OF PARTICULARS.

In an action by the holder of a note against the executor of a decedent, the executor moved that he be furnished a copy of the note and a statement as to the actual consideration. Before the motion was heard, an order was made allowing the defendant an inspection. *Held*, that he was entitled to a bill of particulars as to the consideration, and his affidavit that he knew nothing of the consideration is sufficient to authorize the granting of the motion.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 317.*]

Appeal from Special Term, New York County.

Action by Mary Ella Miller against Gordon D. Miller, as executor of the last will and testament of Alexander Miller, deceased. From an order denying in part a motion for a bill of particulars, defendant appeals. Order reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Mark Ash, for appellant.
C. E. Thorn, for respondent.

SCOTT, J. The defendant appeals from an order denying, in part, his motion for a bill of particulars. The plaintiff sues the executor of her deceased husband's estate. She sues, among other things, upon two promissory notes and a check alleged to have been made by deceased in his lifetime, either to the order of plaintiff or to bearer, and delivered to her, each of which is also alleged to have been made for a valuable consideration. The defendant, who was the brother of the deceased and his business partner, swears that he never heard of the notes and check until a claim was served upon him as executor, and that he knows nothing at all about them. His motion was that he should be furnished with a copy of each of the instruments, and with a statement as to what was the actual consideration of each.

It appeared upon the hearing of the motion that an order had already been made allowing the defendant an inspection of the notes and check, whence it was argued that it would be unnecessary to furnish defendant with copies thereof, and upon this ground, apparently, no particulars were ordered to be given respecting said

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

notes and check. It is quite apparent that 'an inspection of the notes and check will furnish no information as to the real consideration supporting them. As between plaintiff and defendant the consideration may be inquired into, and the defendant is entitled to know what the plaintiff claims that the consideration really was. The purpose of the bill of particulars containing such information is not to furnish evidence for the defendant, but to limit and define the scope of the controversy. As the defendant is an executor, he is not to be presumed to have knowledge on the subject, and he affirmatively declares that he has no such knowledge. There is abundant authority for granting a motion for a bill of particulars under such circumstances. Gasworks Co. v. Standard Gaslight Co., 47 Hun, 255; Riggs v. Buckley, 2 App. Div. 618, 37 N. Y. Supp. 1095; Harris v. Drucklieb, 128 App. Div. 276, 112 N. Y. Supp. 671.

The order, in so far as it denied a bill of particulars of the consideration alleged to have been given for the notes and check, is reversed, with $10 costs and disbursements, and the motion for such particulars granted. All concur.

---

### SMITH v. WESTERN PAC. RY. CO.

(Supreme Court, Appellate Division, First Department. April 21, 1911.)

1. TRIAL (§ 3*)—SEPARATE TRIAL OF ISSUES—STATUTES—CONSTRUCTION.
    Under Code Civ. Proc. § 973, providing that the court in its discretion may order one or more issues to be separately tried prior to trial of the other issues in the case, it should appear that the plea to be tried has a reasonable basis to rest on, and is not interposed merely for delay, and that it can be tried without involving the trial of the merits.
    [Ed. Note.—For other cases, see Trial, Cent. Dig. § 7; Dec. Dig. § 3.*]

Appeal from Special Term, New York County.