POSNER v. ROSENBERG et al.

(Supreme Court, Appellate Division, Second Department. February 23, 1912.)

1. PLEADING (§ 323*)—MOTION FOR BILL OF PARTICULARS—"CLAIM."

The word "claim," in a motion by plaintiff for a bill of particulars of the claim of defendant, includes the defense and counterclaim set forth by defendant.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 323.*

For other definitions, see Words and Phrases, vol. 2, pp. 1202–1211; vol. 8, p. 7604.]

2. PLEADING (§ 323*)—BILL OF PARTICULARS—REQUISITES.

An order requiring a defendant to give a bill of particulars of his defense and counterclaim should not compel him to disclose substantially all of his evidence necessary to support his claim.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 323.*]

3. PLEADING (§ 323*)—BILL OF PARTICULARS—ORDER PRECLUDING GIVING OF EVIDENCE FOR FAILURE TO FURNISH.

A provision, in an order for a bill of particulars, which precludes the giving of evidence for failure to furnish the required particulars, or any part thereof, is premature.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 323.*]

4. PLEADING (§ 318*)—BILL OF PARTICULARS—REQUISITES.

Where, in an action by an employé on the contract of employment, the employer relied on the employé's breach of contract by inducing, or attempting to induce, employés to enter into the service of competitors, and by furnishing competitors patterns and designs used by the employer in his business, and by disclosing trade secrets, the employer, on motion for a bill of particulars, should be required to give the names and addresses of the employés, if known, and the names and addresses of the competitors.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 318.*]

Appeal from Special Term, Westchester County.

Action by Sarah C. Posner against Max Rosenberg and another, copartners, under the firm name of Max Rosenberg Company. From an order granting plaintiff's motion for a bill of particulars, defendants appeal. Modified and affirmed.

See, also, 133 N. Y. Supp. 704.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Charles A. Brodek, for appellants.

Thomas J. O'Neill, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

BURR, J. [1] Defendants by their answer set forth various violations of plaintiff's contract of employment, both as a defense and as the basis of a counterclaim. Plaintiff demanded a bill of particulars of defendants' claim. The word "claim" is sufficiently broad to include both defenses and counterclaims. Kelsey v. Sargent, 100 N. Y. 602, 3 N. E. 795.

[2] To comply with the order granted by the Court at Special Term, defendants would be obliged to disclose to plaintiff substantially all of the evidence in their possession necessary to support their claim. This is in violation of well-established rules. Smith v. Anderson, 126 App. Div. 24, 110 N. Y. Supp. 191; Smidt v. Bailey, 132 App. Div. 177, 116 N. Y. Supp. 805; Nickel v. Ayer, 141 App. Div. 576, 126 N. Y. Supp. 321.

[3] The provisions of the order precluding the giving of evidence for failure to furnish all the required particulars, or any part thereof, is premature. Smith v. Bradstreet Co., 134 App. Div. 567, 119 N. Y. Supp. 487; Hein v. Honduras Syndicate, 138 App. Div. 786, 123 N. Y. Supp. 431; Cossman v. Ballin, 141 App. Div. 68, 125 N. Y. Supp. 647.

[4] The order should be modified by striking out the provision precluding the giving of evidence, and so as to require defendants, within five days after service of a copy of the order, to be entered herein, and notice of the entry thereof, to serve a verified bill of particulars in regard to the following matters only: (1) The names, and (if known to defendants) the addresses or places of residence of those employés of defendants whom plaintiff caused to leave their employ and enter the employment of their competitors in business, and the names and addresses of such competitors. (2) The names and addresses of defendants' competitors in business for whose use plaintiff purchased patterns, designs, models, dresses, and costumes. (3) The names and addresses of defendants' competitors in business to whom plaintiff furnished styles, patterns of dresses and costumes used by defendants in their business, or to whom she divulged and disclosed trade and manufacturing secrets and secret information and valuable knowledge and information used, owned, and acquired by said defendants, and the character of such secrets, information, and knowledge. (4) The names and (if known to defendants) the addresses or places of residence of those employés of defendants whom plaintiff sought to entice to leave their employ and enter the employment of their competitors in business, and the names and addresses of such competitors. (5) The names and addresses of those individuals, firms, and corporations with whom, prior to September 19, 1911, plaintiff sought to make arrangements to carry on business on her own account. (6) What orders, directions, and regulations of defendants plaintiff failed and refused to obey.

As thus modified, the order appealed from should be affirmed, without costs. All concur.