### LIPSCHITZ v. KORNDAHL.

(Supreme Court, Appellate Term.   June 21, 1912.)

INFANTS (§ 58*)—CONTRACTS—AVOIDANCE.

An infant, who deposited money with the president of a corporation individually, but who executed a contract reciting that the deposit was made with the corporation, could recover the deposit from the president individually in an action for money had and received, on proof that the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

deposit was made with the president individually; and the books of the corporation in bankruptcy, showing that it had never received the money, established a prima facie case against the president individually.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 149–160; Dec. Dig. § 58.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by David Lipschitz, by Nathan Lipschitz, his guardian ad litem, against John E. Korndahl. From a judgment dismissing the complaint without prejudice at the close of plaintiff's case, he appeals. Reversed, and new trial granted.

Argued June term, 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

Charles R. Bradbury, of New York City, for appellant.
M. L. Heidenheimer, of New York City, for respondent.

LEHMAN, J.   The plaintiff appeals from a judgment dismissing his complaint.  The action was for money had and received.  It appears from plaintiff's testimony that plaintiff applied to the defendant for certain coat room privileges in the restaurant of the Hotel Viking. Defendant told plaintiff he would let him have the privileges on certain terms, but that plaintiff must deposit $200 as security for claims that might be made for loss of articles deposited in the coat room. Plaintiff paid the deposit, and went into possession of the coat room. Subsequently the restaurant was closed, because the Hotel Viking Company went into bankruptcy, but the money was not repaid.  The only question in the case is whether or not the defendant received the money, or whether it was received by the Hotel Viking Company, of which the defendant was president.

The plaintiff having made a prima facie case that he paid it to defendant, the defendant was bound to produce some evidence that it was received by the Hotel Viking Company.  The only evidence presented by the defendant was elicited upon the plaintiff's cross-examination, and shows that, at the time when plaintiff deposited the money, a contract was executed for the coat room privileges, and this contract was expressly made between the plaintiff and the Hotel Viking Company, and recites the deposit with the Hotel Viking Company.  It must be remembered that the plaintiff is suing for money had and received, and not upon the contract, and that he was at the time the contract was made, and still is, an infant, and denies the binding character of the instrument.  In spite of the terms of the contract, he may still recover the money, if in fact the money was not received by the corporation, but by the defendant.  The contract, therefore, at the most, requires the plaintiff to go one step further, and to show that defendant did in fact receive this money.  For this purpose he produced the books of the company now in bankruptcy, and showed from these books that the company had never in fact received the money.  In my opinion, he thereby made a complete prima facie case.  He showed that he had delivered money to the defendant upon a contract which

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was not binding upon him, that he is justly entitled to this money, and that the money never came into the possession of that corporation which the defendant pretended to represent, and which he apparently controlled.

Judgment should therefore be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.