(78 Misc. Rep. 199.)

### HERRINGTON v. DAVITT et al.

(Supreme Court, Special Term, Albany County.   November, 1912.)

PLEADING (§ 317*)—BILL OF PARTICULARS—LIMITATIONS—NEW PROMISES.

A complaint on a note executed by defendants' testator alleged a subsequent promise to pay. Defendants admitted the making and delivery of the note, but denied nonpayment, and alleged that plaintiff joined in a composition in bankruptcy against the maker, which was completed, and also pleaded the maker's discharge in bankruptcy and the statute of limitations. *Held*, that defendants were not entitled to a bill of particulars of the details concerning the alleged promises by the testator to plaintiff as to the payment of the note, stating whether the promises were in writing, and, if so, requiring copies of the writing to be given, and that the original note be deposited for inspection.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–962; Dec. Dig. § 317;* Bills and Notes, Cent. Dig. § 1459.]

Action by Etta F. Herrington against Ida Akin Davitt and another, as executors of Albert W. Davitt, deceased.   On motion by defendants for bill of particulars.   Denied.

Holmes & Bryan, of Troy (John B. Holmes, of Troy, of counsel), for plaintiff.

Thos. O'Connor, of Waterford, for defendants.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

RUDD, J. This action is brought upon a promissory note alleged
to have been made by defendants' testator May 2, 1900. The action
was commenced June 8, 1912. The complaint contains an allegation,
evidently made for the purpose of avoiding the statute of limitations,
which in substance is that the maker of the note, subsequently to its
making, promised and agreed with the plaintiff that he would pay the
note.

The defendants admit the making and delivery of the note, but deny
its nonpayment, and allege that plaintiff joined in a composition in
bankruptcy proceedings against the maker of the note, which com-
position proceedings were completed, and the answer also sets up a
discharge in bankruptcy and the statute of limitations. The defend-
ants here move for an order directing the plaintiff to furnish a bill of
particulars with reference to the sixth allegation of the complaint
above referred to, in substance asking that an order be made requir-
ing a bill of particulars of the details concerning the alleged promises
by the testator to and with the plaintiff concerning the payment of the
note, and, if such promises were in writing, that copies of such writ-
ings be given, and that the original be deposited for inspection.

The application is made under section 531 of the Code of Civil Pro-
cedure, which reads:

"Upon application in any case, the court, or a judge authorized to make
an order in the action, may, upon notice, direct a bill of the particulars of
the claim of either party to be delivered to the adverse party."

The defendants contend that the sixth allegation of the complaint
with reference to the alleged promises of testator to pay the note is
in the nature of a claim on the part of the plaintiff, and that the de-
fendants are entitled to a bill of particulars of such claim. In sup-
port thereof the defendants say that the cause of action would be
barred by each of the three defenses set up—composition, discharge,
and statute of limitations. The defendants say that the indefinite form
in which the allegation is made in the complaint leaves the defendants
uncertain as to whether the alleged promises were in writing or oral.

The answer to that suggestion seems to be that, in order to be effec-
tive in sustaining the cause of action, they must have been in writing,
and that, therefore, the defendants should assume that they are in
writing. The plaintiff will be unable to succeed if, on the trial, she
does not produce a writing to the effect alleged. If the promises are
in writing, then the defendants say they "are entitled to see the paper
and inspect it, for the purpose of determining whether or not it is in
the handwriting of their testator, or whether it is a forgery." Thus
it seems that really the application is one for the privilege of inspecting
a paper, rather than for a bill of particulars of a claim.

A bill of particulars is the proper remedy where the party seeks to
be fully apprised of the particulars or circumstances of time and place
of the matters set forth in his opponent's pleadings. It does not seem
that it is the function of a bill of particulars to require the production
of an instrument, so that the same may be examined to ascertain
whether, in the opinion of the party making the examination, it is

genuine or otherwise, or to ascertain by its examination whether it is properly executed. Such matters are in the character of evidence.

The attention of the court is called by the defendants' attorney to the case of Miller v. Miller, 144 App. Div. 153, 128 N. Y. Supp. 965, as controlling on the motion here. The citation by defendants' counsel of the syllabus of that case indicates that the defendants are correct. The syllabus says:

That a party "is entitled upon a motion for a bill of particulars to receive a copy of each of the instruments and a statement as to the actual consideration of each, where his moving affidavit shows that he never heard of the instruments, and knows nothing about them. The fact that an order has already been made allowing the executor an inspection of the notes and check is no bar to his motion for a bill of particulars."

In reading the opinion by Mr. Justice Scott, it clearly appears that that was not the decision of the court as set forth in the syllabus. Justice Scott says:

"It appeared upon the hearing of the motion that an order had already been made allowing the defendant an inspection of the notes and check, whence it was argued that it would be unnecessary to furnish defendant with copies thereof, and upon this ground, apparently, no particulars were ordered to be given respecting said notes and check. It is quite apparent that an inspection of the notes and check will furnish no information as to the real consideration supporting them. As between plaintiff and defendant the consideration may be inquired into, and the defendant is entitled to know what the plaintiff claims that the consideration really was. The purpose of the bill of particulars containing such information is, not to furnish evidence for the defendant, but to limit and define the scope of the controversy. * * * *The order, in so far as it denied a bill of particulars of the consideration alleged to have been given for the notes and check, should be reversed.*"

In other words, the court did not order copies of the notes to be given when an inspection had already been had, but it did direct that a bill of particulars of the alleged consideration should be furnished; that is to say, that the items of the consideration should be furnished —just what a bill of particulars is intended to cover.

The case of Nickel v. Ayer, 141 App. Div. 576, 126 N. Y. Supp. 321, is controlling on this motion.

Motion denied, with $10 costs.