# THE

# NEW YORK SUPPLEMENT

## VOLUME 146

FERNET v. JAMES STEWART & CO., Inc.

(Supreme Court, Special Term, Albany County. February 28, 1914.)

1. PLEADING (§ 318*)—BILL OF PARTICULARS—NECESSITY OF FURNISHING.
   In a personal injury action by an injured servant, where the defendant set up as defenses the servant's contributory negligence, the negligence of fellow servants, and assumption of inherent risks, it is not an abuse of discretion to require defendant to furnish plaintiff with a bill of particulars setting forth his contributory negligence, the negligence of his fellow servants, and the inherent risks of the employment which he assumed.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 963–969, 971; Dec. Dig. § 318.*]

2. PLEADING (§ 323*)—BILL OF PARTICULARS.
   An order for a bill of particulars should not require the defendant to disclose to the plaintiff substantially all of the evidence necessary to support his claim.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 976–979; Dec. Dig. § 323.*]

3. PLEADING (§ 318*)—BILL OF PARTICULARS.
   A defendant will not be ordered to furnish a bill of particulars of allegations in his answer which are wholly superfluous.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 963–969, 971; Dec. Dig. § 318.*]

Action by Ovilion Fernet against James Stewart & Co., Incorporated. On motion by plaintiff requiring the defendant to serve a bill of particulars. Motion granted.

J. S. Carter, of Cohoes, for plaintiff.
R. A. Mansfield Hobbs, of New York City (J. Sheldon Frost, of Albany, of counsel), for defendant.

RUDD, J. [1-3] Motion by plaintiff requiring the defendant to serve a bill of particulars of the affirmative defenses set up in defendant's answer, to wit: First. The facts which constitute the acts of contributory negligence, of which defendant claims plaintiff is guilty. Second. The name or names of the fellow servant or servants whose alleged negligence or fault caused or contributed to plaintiff's injuries as alleged by defendant. Third. The facts showing the risks inher-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

146 N.Y.S.—1

ent in the employment of the plaintiff and incident thereto as claimed by defendant.

An order for a bill of particulars should not require the defendant to disclose to the plaintiff substantially all the evidence in his possession necessary to support his claim. Posner v. Rosenberg, 149 App. Div. 270, 133 N. Y. Supp. 702. A defendant will not be ordered to furnish a bill of particulars of allegations in his answer which are wholly superfluous. Nickel v. Ayer, 141 App. Div. 576, 126 N. Y. Supp. 321. Neither one of the above cases is here controlling. This does not seem to be an application requiring defendant to disclose all his evidence. Neither does it relate to an allegation in defendant's answer which is superfluous.

In Dwyer v. Slattery, 118 App. Div. 346, 103 N. Y. Supp. 433, it was held that plaintiff must give the name of an alleged negligent employé in charge of blasting at the time of the happening of an accident in which plaintiff was injured.

In an action brought under the Labor Law to recover for personal injuries to plaintiff's intestate, resulting in his death, the defendant may be required to furnish a bill of particulars of the alleged contributory negligence of the deceased, when pleaded as an affirmative defense. Szymanski v. Contract Process Co., 82 Misc. Rep. 46, 143 N. Y. Supp. 604, citing Dwight v. Germania Life Insurance Co., 84 N. Y. 493.

In Havholm v. Whale Creek Iron Works, 159 App. Div. 578, 144 N. Y. Supp. 833, it was held that the court may in its discretion require defendant to give a bill of particulars of the affirmative defenses of contributory negligence and assumed risk.

Justice Stapleton, writing the opinion for the unanimous court, said:

"We see no reason why one who alleged in a verified pleading a general charge of contributory negligence should have any difficulty in particularizing. No greater burden is imposed upon the master in this respect than is imposed upon the employé with respect to the allegation of the master's negligence. The Legislature must be deemed to have legislated in contemplation of the frequent exercise by the courts of the power to require bills of particulars of affirmative defenses. The courts should act in harmony with the purposes of this reparative legislation, and should not be astute to discover nice grounds for differentiation which would impair its force and weaken its effect."

Under the authorities cited, which in large measure are controlling upon this court, it certainly does not seem that it would be an abuse of the discretion vested in the court to grant the order for which the motion is made.

An order may be entered requiring the defendant to serve a verified bill of particulars specifying in detail as set forth above, without costs.