CATHERINE HOWARD THOMPSON and OWEN STANLEY THOMPSON, Plaintiffs, v. WILLIAM M. DE VISSER, also Known as WILLIAM M. DE VISSIER, Individually and as Trustee of and under the Last Will and Testament of FRANCIS T. OWEN, Deceased, and MAUDE ADELAIDE THOMPSON, Defendants.

(Supreme Court, New York Special Term, February, 1919.)

Bill of particulars — office of — motion for, granted as to consideration for bonds under seal — pleading.

The office of a bill of particulars is not only to define and limit the issues, but also to apprise opposing parties of what they have to meet at the trial.

Where in an action against a testamentary trustee to recover upon a bond, one of a series, in and by which his testator about thirteen years before he died did covenant for himself, his heirs, executors, administrators and assigns, to pay three months from the date of his death, a certain sum with interest to the wife and children of his cousin and to the survivor of them, etc., the answer alleges that though defendant was intimately familiar with decedent's affairs during his lifetime and associated with him in business, neither he nor the decedent's wife or children nor any of decedent's close relatives or business associates ever knew or heard of said bonds until several years after decedent's death when they were presented for payment, defendant's motion for a bill of particulars of the actual consideration for the bonds will be granted as against an objection that the bonds being under seal a consideration was presumed.

APPLICATION for a bill of particulars.

Jordan & Williams, for plaintiffs.

Thomas J. F. Coady, for defendant De Visser.

FINCH, J. The plaintiffs bring suit upon certain bonds, of which the following is a copy: "For a valuable consideration received, I, Francis T. Owen, of Sheffield, Berkshire County, State of Massachusetts, do covenant, promise and agree, for myself, my heirs, executors, administrators and assigns, to pay three months from the date of my death the sum of ten thousand dollars, with interest payable semi-annually, to Owen Stanley Thompson and Maud Adelaide Thompson and their mother, Catherine Howard Thompson, who are the children and wife, respectively, of my cousin, Frank G. A. Thompson, and to the survivor of them; and I further covenant that the whole of said principal sum shall become due after default in the payment of interest for twenty days. This bond, although presently delivered, shall be held by Fernando Solinger, as trustee of my cousin's said children and wife, until my death. This bond is one of a series of ten bonds, each for the sum of ten thousand dollars. In witness whereof, I have hereunto set my hand and seal this 16th day of July, 1896. [Signed] Francis T. Owen. [L. s.] In presence of Jacob W. Kahn. State of New York, City of New York, County of New York, ss.: On this 16th day of July, 1896, before me personally appeared Francis T. Owen, to me known and known to me to be the individual mentioned and described in and who executed the foregoing instrument, and he duly acknowledged to me that he executed the same. Jacob W. Kahn, Notary Public, New York County." The defendant is a trustee appointed under the last will and testament of the deceased. The defendant alleges that although he was intimately familiar with the decedent's affairs during his lifetime and was associated with him in business that neither he nor the decedent's wife or children nor any

of the decedent's close relatives or business associates ever knew or heard of these instruments until they were presented to the defendant for payment. The instruments are dated the 16th day of July, 1896. The decedent died March 29, 1909, nearly thirteen years later, and these instruments were not presented for payment until several years still later. The defendant asks that the plaintiffs furnish the particulars of the actual consideration for these instruments. The plaintiffs object upon the ground that, as the instruments are under seal, a consideration is presumed, and hence is a part of the defendant's case and no bill of particulars can be required. By section 840 of the Code of Civil Procedure it is provided that a seal upon an executory instrument is presumptive evidence only of a sufficient consideration, which may be rebutted. The office of a bill of particulars is not only to define and limit the issues, but also to apprise the opposing parties of what the latter has to meet at the trial. Where, as here, the defendant is acting in a representative capacity, and there are present the other circumstances set forth in this memorandum, it is clear that the plaintiffs should be required to furnish the particulars sought. *Miller* v. *Miller, No. 2,* 144 App. Div. 153. It is true that in the *Miller* case the action was upon a negotiable promissory note and not upon an instrument under seal, yet the Negotiable Instruments Law provides that: " Every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration." Neg. Inst. Law, § 50. This consideration of the provisions of the Negotiable Instruments Law would seem to make the *Miller* case direct authority for the granting of the present application.

Application granted.