**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2939-18T1

ACE AMERICAN INSURANCE
COMPANY,

     Plaintiff-Appellant,

v.

OLD REPUBLIC GENERAL
INSURANCE CORP., and NATIONAL
UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PA,

     Defendants,

and

EVEREST NATIONAL INSURANCE
COMPANY, and PENNSYLVANIA
MUTUAL CASUALTY INSURANCE
COMPANY, a/k/a and d/b/a PENN
NATIONAL INSURANCE,

     Defendants-Respondents.

_____

Argued December 11, 2019 – Decided January 3, 2020

Before Judges Haas and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-1801-18.

Todd Jason Leon argued the cause for appellant (Hill Wallack LLP, attorneys; Todd Jason Leon, of counsel and on the briefs; Joshua S. Fischer, on the briefs).

Timothy P. Smith argued the cause for respondent Pennsylvania Mutual Casualty Insurance Company (Kinney Lisovicz Reilly & Wolff PC, attorneys; Kevin E. Wolff, of counsel and on the brief; Timothy P. Smith, on the brief).

Kennedys CMK LLP, attorneys for respondent Everest National Insurance Company (Gary S. Kull and Alexa Jean Nasta Schmid, on the brief).

PER CURIAM

Plaintiff ACE American Insurance Company (ACE) appeals from a November 29, 2018 order granting summary judgment to defendant Pennsylvania National Mutual Casualty Insurance Company (Penn National)[1] and a January 28, 2019 order granting summary judgment to defendant Everest National Insurance Company (Everest). The motion judge determined the six-year statute of limitations, N.J.S.A. 2A:14-1, barred ACE's declaratory judgment action for defense costs and indemnification. We affirm.

---

[1] Improperly pleaded as Pennsylvania Mutual Casualty Insurance Company.

The facts giving rise to ACE's declaratory judgment action are as follows. D'Andrea Construction Company, Inc. (D'Andrea) was the general contractor for a school construction project. D'Andrea contracted with Thomas Lindstrom Steel & Company, Inc. (Lindstrom) to provide steel work for the project. D'Andrea was sued by an employee of Lindstrom for injuries allegedly caused by a D'Andrea employee at the construction site (underlying personal injury action).[2]

ACE issued a commercial general liability policy to D'Andrea. D'Andrea was an additional insured under an automobile policy issued by Penn National. ACE agreed to defend D'Andrea in the underlying personal injury action under a reservation of rights.

Lindstrom was insured under a commercial automobile policy by an insurance carrier not involved in this appeal and a commercial excess policy issued by Everest. ACE did not tender its claim for defense or indemnification to Everest during the underlying personal injury action.

The underlying personal injury action settled on the eve of trial, January 19, 2012, for $5,800,000. According to an entry in ACE's internal trial log, ACE agreed to pay $1,750,000 of the total settlement sum and preserved its ability to

---

[2] The injured employee claimed he was run over by D'Andrea's backhoe.

pursue claims against other insurance companies for indemnification and defense costs.

On the scheduled trial date, January 23, 2012, the parties reported to the court that the underlying personal injury action settled and placed a settlement agreement on the record before the judge. The parties to the underlying personal injury action subsequently signed a settlement agreement and release on March 28, 2012. A stipulation of dismissal with prejudice was filed on April 20, 2012.

On March 12, 2018, ACE filed a declaratory judgment action against Penn National, Everest, and other insurance companies, seeking reimbursement of the settlement payment and legal costs incurred in representing D'Andrea in the underlying personal injury action. ACE claimed Penn National and Everest insured D'Andrea and should have defended and indemnified D'Andrea in that action.

Penn National moved for summary judgment, arguing the six-year statute of limitations barred ACE's declaratory judgment action. Everest joined in Penn National's motion.

ACE opposed both motions, contending the six-year statute of limitations on its claim for reimbursement of costs in the underlying personal injury action did not commence until April 20, 2012, the filing date of the stipulation of

A-2939-18T1

dismissal. Alternatively, ACE claimed its cause of action against Penn National and Everest did not accrue until March 28, 2012, the date the written settlement agreement and release resolving the underlying personal injury action was signed by all parties. Based on these dates, ACE argued its March 12, 2018 declaratory judgment action was timely filed.

The motion judge heard counsels' arguments on November 2, 2018. In a thirteen-page written opinion, Judge Robert L. Polifroni granted summary judgment to Penn National and Everest.

The judge, finding the six-year statute of limitations for contract actions governed insurance actions, concluded the facts were "incontrovertible" and evidenced "an enforceable and final settlement was reached" in the underlying personal injury action on January 23, 2012. Judge Polifroni held ACE's claim for reimbursement of the settlement payment and defense costs was barred by the statute of limitations because the declaratory judgment action was filed more than six years after the settlement of the underlying personal injury action.

We affirm for the reasons expressed by Judge Robert L. Polifroni in his detailed and thorough November 29, 2018 written decision. We add only the following comments.

A-2939-18T1

Generally, the statute of limitations begins to run when the cause of action accrues, meaning the date on which the right to file suit arose. Johnson v. Roselle EZ Quick LLC, 226 N.J. 370, 394 (2016) (citing White v. Mattera, 175 N.J. 158, 164 (2003)). When a plaintiff has knowledge of the facts regarding an injury and fault giving rise to a cause of action, the limitations period commences. Burd v. N.J. Tel. Co., 76 N.J. 284, 291-92 (1978). A plaintiff need not know the legal effect of those facts, ibid., nor the full extent of its injuries to begin the clock for calculating the period of limitations. Russo Farms, Inc. v. Vineland Bd. of Educ., 144 N.J. 84, 115 (1996) (citing P.T. & L. Constr. Co. v. Madigan & Hyland, Inc., 245 N.J. Super. 201, 207 (App. Div. 1991)).

A cause of action for indemnification traditionally accrues when the indemnitee becomes responsible to pay a claim. Holloway v. State, 125 N.J. 386, 399 (1991). Responsibility to pay a claim can be established by a court judgment or binding settlement. Crest-Foam Corp. v. Aetna Ins. Co., 320 N.J. Super. 509, 519 (App. Div. 1999) (quoting Condenser Serv. & Eng'g Co. v. Am. Mut. Liab. Ins. Co., 45 N.J. Super. 31, 41 (App. Div. 1957)). A formal written settlement agreement and release is not required to effectuate a binding settlement. Hagrish v. Olson, 254 N.J. Super. 133, 137-38 (App. Div. 1992).

A-2939-18T1

Here, ACE's cause of action for indemnification and defense costs against Penn National and Everest no later than January 23, 2012, the date ACE became legally obligated to pay damages in the underlying personal injury action. See Crest-Foam, 320 N.J. Super. at 517-21 (holding that a cause of action for indemnification and defense costs accrued when damages were fixed by final judgment or settlement). Therefore, ACE's March 12, 2018 declaratory judgment action was barred by the six-year statute of limitations.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2939-18T1