98 N.J. Super. 522 (1968)
237 A.2d 898
LENA N. MANUKAS, PLAINTIFF-APPELLANT,
v.
THE AMERICAN INSURANCE COMPANY, A NEW JERSEY CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 18, 1967.
Decided January 17, 1968.
*523 Before Judges GAULKIN, LEWIS and KOLOVSKY.
Mr. George L. Pellettieri for plaintiff-appellant (Messrs. Pellettieri and Rabstein, attorneys).
Mr. Albert Cooper, III for defendant-respondent (Messrs. McLaughlin and Abbotts, attorneys).
The opinion of the court was delivered by GAULKIN, S.J.A.D.
Plaintiff sued St. George's Greek Orthodox Church and two individuals for injuries sustained when she fell upon the church premises. The American Insurance Company (American) had issued a policy of public liability insurance to the church and undertook its defense. The church's motion for summary judgment was granted upon the basis that N.J.S. 2A:53A-7 barred plaintiff's suit against the church. No application for leave to appeal from that summary judgment was made by plaintiff, and that case is still pending in the trial court as against the two individual defendants. The propriety of the grant of that summary judgment is not before us.
*524 Thereafter plaintiff instituted the present separate action for damages against American alone, alleging the foregoing facts and claiming that, by virtue of American's policy, she had the right to collect for her injuries from American despite N.J.S. 2A:53A-7 and the summary judgment in the church's favor in the first action.
American moved for judgment, contending that plaintiff may not sue it directly but only after the recovery of a judgment against the church, and since the church is not liable under N.J.S. 2A:53A-7, and the summary judgment in the first action so adjudged, there is no liability under the policy. American's motion for judgment was granted and plaintiff appeals.
American's policy provided that it would "pay on behalf of the insured all sums which the insured shall become legally liable to pay as damages * * *," and "No action shall lie against the Company unless, as a condition precedent thereto, * * * the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the Company."
Plaintiff argues that the judgment in favor of American should not have been granted because the policy was not before the trial judge when he granted the motion. The policy or a copy thereof should have been presented to the trial judge. We requested that a copy of the policy be submitted to us and we find that its terms support the judgment. Therefore, plaintiff suffered no prejudice from the fact that it was not before the trial judge.
Ordinarily, an injured person possesses no direct cause of action against the insurer of the tortfeasor prior to recovery of judgment against the latter, 20 Appleman, Insurance Law and Practice, § 11416, p. 261 (1963); 29A Am. Jur., Insurance § 1485; and, as we have seen, here the policy expressly so provides. Plaintiff seeks to take the case at bar out of the general rule by arguing that N.J.S. 2A:53A-7 does not grant absolute immunity to a church *525 but merely provides that it shall not "be liable to respond in damages"; that this means "respond in damages" out of its own funds and does not prevent the collection of the damages from the funds of an insurance company; therefore direct action against American is proper. For this proposition plaintiff cites McLeod v. St. Thomas Hospital, 170 Tenn. 423, 95 S.W.2d 917 (Sup. Ct. 1936); St. Luke's Hospital Asso. v. Long, 125 Colo. 25, 240 P.2d 917, 31 A.L.R.2d 1120 (Sup. Ct. 1952). See also Lusk v. United States Fidelity & Guaranty Co., 199 So. 666 (La. App. 1941); Annotations: 25 A.L.R.2d 29 § 19 (1952); 145 A.L.R. 1336, III (b) (1943). But see Zapf v. Board of Chosen Freeholders, Middlesex County, 87 N.J. Super. 426 (App. Div.), certification denied 45 N.J. 586 (1965); Stoolman v. Camden County Council Boy Scouts, 77 N.J. Super. 129 (Law Div. 1962).
We express no opinion upon the validity of plaintiff's construction of N.J.S. 2A:53A-7 for it has no place in the case at bar. It should have been advanced in the action against the church. We are told by plaintiff that it was. If so, it may be reviewed if the judgment in favor of the church in that action is appealed. But even if plaintiff's construction of N.J.S. 2A:53A-7 is correct, plaintiff may not proceed against American until it first establishes the church's negligence and the quantum of damages in an action against the church or to which the church is a party. Plaintiff could have included a declaratory judgment action against American in the action against the church, or instituted a separate declaratory judgment action joining the church as a party, but it cannot maintain the present action. Plaintiff argues that N.J.S. 2A:53A-7 prevents and therefore does away with the need for prior action against the church. We find no merit in this contention.
In the oral argument, plaintiff suggested that the dealings and the understandings between the church and American (and the amount of the premium) may have been such that American should be barred from raising the defense predicated *526 upon N.J.S. 2A:53A-7. The short answer to this is that this was not pleaded or contended below, nor could it have been without the joinder of the church as a party to the action. Cf. Finley v. Factory, etc., Ins. Co. of America, 38 N.J. Super. 390 (Law Div. 1955).
The judgment is affirmed.