In re HUB RECYCLING, INC., Debtor.

NI WEST, INC., Plaintiff,

v.

LOUIS USDIN CO., INC., Jack Usdin, Hub Recycling Corp., Inc., Richard Bassi, Michael Harvan, Gapp, Inc., and Angelo Caruso, Defendants.

HUB RECYCLING, INC. and Michael Harvan, Third–Party Plaintiffs,

v.

LOUIS USDIN CO., INC., Jack Usdin, Sheila Usdin, Jonathan Usdin, John Doe, California Union Insurance Co., Schechner Lifson Ackerman, Chodorcoff Inc., and John Doe, and Jane Smith 1–5, Third–Party Defendants.

LOUIS USDIN CO., INC., and Jack Usdin, Defendants/Third–Party Plaintiffs,

v.

CALIFORNIA UNION INSURANCE COMPANY, Third–Party Defendants.

Civ. No. 89–494.

United States District Court, D. New Jersey.

Oct. 19, 1989.

Joseph Lubertazzi, Jr., McCarter & English, Newark, N.J., for plaintiff NI West, Inc.

Gary S. Jacobson, Kleinberg, Moroney, Masterson & Schachter, Millburn, N.J., and Stephen Perrella, Hoagland, Longo, Oropollo & Moran, New Brunswick, N.J., for Usdin, defendants.

Bruce H. Levitt, DeMaria, Ellis & Hunt, Newark, N.J., for defendant David Michaels, Trustee.

Richard Roberts, West Orange, N.J., for Michael Harvan and Richard Bassi.

Thomas D. Flinn, Garrity, Fitzpatrick, Graham, Hawkins & Favetta, Bloomfield, N.J., for Schechner, Lifson, Ackerman, Chodorcoff, Inc.

Eileen P. Kelly, Deputy Atty. Gen., Dept. of Law and Public Safety, Div. of Law, Environmental Protection Section, Trenton, N.J.

J. Michael Riordan, Bressler, Amery & Ross, Morristown, N.J., for third-party defendant California Union Ins. Co.

## OPINION

SAROKIN, District Judge.

In this summary judgment motion of third-party defendant California Union Insurance Co. ("California Union"), the third-party defendant moves for summary judgment seeking the dismissal of claims asserted against it by Hub Recycling Corp., Inc. ("Hub") and Louis Usdin Company, Inc. ("Usdin"). California Union contends that the insurance policy purchased by Hub precludes coverage for the costs of cleanup of land used by Hub in its recycling business. NI West, Inc. ("NI West") cross-moves for summary judgment against California Union.

*Background*

The debtor in this action, Hub, was the lessee of land and buildings owned by Usdin. Hub's business consisted of the recycling of various materials, including construction debris, rock, brick, wood, glass, and aluminum. The City of Newark leased the adjacent land to NI West. In June of 1983, NI West obtained a judgment in the amount of $40,300.00 against Usdin for unlawful encroachment.

In April of 1987, NI West filed suit in the New Jersey Superior Court against Usdin and Hub for injunctive relief, alleging that the defendants were trespassing and dumping on the land leased by NI West. On May 8, 1987, the Superior Court entered an order granting preliminary injunctive relief. Hub filed for bankruptcy on July 10, 1987.[1]

NI West filed an amended complaint on July 27, 1988, seeking money damages in addition to injunctive relief. Count One alleges that the Usdin defendants, Hub, and other individuals trespassed on its property. On September 26, 1989, the court entered summary judgment against Hub on plaintiff's first count. The second and third counts allege that the trustee for Hub committed a continuing trespass and that the damage resulting from the trespass should receive administrative priority status. Count Four alleges that the mutual mistake or fraud of Hub caused NI West to be deprived of the use of its property and seeks reformation of Hub's lease agreement. NI West has not brought a direct action against Hub's insurer, California Union.

Hub and Usdin filed third-party complaints against California Union for claims asserted against Hub by NI West and Usdin. Usdin has asserted cross-claims, third-party counterclaims, and a third-party complaint against Hub based upon Hub's illegal dumping.

In its summary judgment motion, California Union argues that its insurance policy absolutely precludes coverage for costs of cleanup of the Usdin and NI West properties. California Union relies on Exclusion 2f (the "Pollution Exclusion Clause") of its December 18, 1986 policy to Hub which excludes the cost of damage from pollution:

"Bodily injury" or "property damage" arising out of or in any way related to the actual, alleged, or threatened dis-

---

1. Hub originally filed as a Chapter 11 reorganization, but the action was recently converted to a Chapter 7 liquidation.

charge, dispersal, release or escape of pollutants by whomsoever caused. . . .

This insurance does not apply to any cost or expense arising out of any demand or request that an insured test for, assess, monitor, clean-up, remove, contain, treat, detoxify or neutralize any pollutants.

Affidavit of J. Michael Riordan, Exh. A.

The insurance policy defines "Pollutants" as follows:

any solid, liquid, gaseous or thermal irritant or contaminant, including, but not limited to, smoke, vapors, soot, fumes, acids, alkalis, chemicals and waste, including materials to be recycled, reconditioned, or reclaimed.

Affidavit of Riordan, Exh. A.

California Union argues that since recycled materials are part of the definition of pollutant, California Union has no obligation toward Hub.

The court must decide whether the Hub debris falls within California Union's insurance exclusion in light of New Jersey's policy of strictly construing insurance contracts against the drafter. *See, e.g., Lundy v. Aetna Cas. & Sur. Co.*, 92 N.J. 550, 559, 458 A.2d 106 (1983) (interpreting insurance stacking policy and holding that the court must construe the policy to support coverage); *Butler v. Bonner & Barnewall, Inc.*, 56 N.J. 567, 576, 267 A.2d 527 (1970) (concluding that exclusions must be construed strictly).

*Discussion*

In order to prevail on its motion for summary judgment, California Union must show that there are no genuine issues of material fact and that, viewing the facts in the light most favorable to the opposing parties, the third-party defendant will prevail on its claims as a matter of law. Fed. R.Civ.P. 56. *See, Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Wisniewski v. Johns–Manville Corp.*, 812 F.2d 81, 83 (3d Cir.1987); *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir.1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977).

## I. California Union's Summary Judgment Motion

In deciding whether the materials used by Hub fall within the policy's definition of pollutants, New Jersey requires that the effect of insurance policies conforms with the reasonable expectations of the policyholder. *Perrine v. Prudential Ins. Co.*, 56 N.J. 120, 125–126, 265 A.2d 521 (1970); *Kopp v. Newark Ins. Co*, 204 N.J. Super. 415, 420, 499 A.2d 235 (App.Div. 1985). The reasons behind this rule of construction are that insurers draft insurance contracts and the insured has limited, if any, power to negotiate its terms. *Linden Motor Freight Co., Inc. v. Travelers Ins. Co.*, 40 N.J. 511, 524–525, 193 A.2d 217 (1963).

Turning to the policy's definition of pollutants, the court rejects California Union's argument that all recyclables are waste and are, therefore, part of the Pollution Exclusion Clause. Such a reading of the policy would greatly expand the narrower definition of "pollutant" as "irritants or contaminants." California Union's interpretation would exclude, for instance, recyclable newspapers. The court concludes, as California Union acknowledges, Reply Brief at 3, that "waste" is one of a list of items given as examples of an "irritant or contaminant." Recyclable material, the subject of Hub's business, in turn modifies and describes "waste." The inclusion of recyclables as an example of an irritant or contaminant, however, does not give the insured clear notice that *all* items to be recycled are excluded from coverage.

The term "waste", however, raises ambiguities in the language of the Pollution Exclusion Clause. Waste is not separately defined in the policy. A contaminant has the effect of making something impure or dangerous. Random House Dictionary of English Language, 2nd Edition, 438 (1987). An irritant induces inflammation. *Id.* at 1010. In contrast to the capacity for causing injury suggested by the two terms' definitions, "waste" has no comparable implication. *Id.* at 2146. This ambiguity must be resolved against the carrier. *Lundy v. Aetna Cas. and Ins. Co.*, 92 N.J. 550,

559, 458 A.2d 106 (1983); *Butler v. Bonner and Barnewall, Inc.*, 56 N.J. 567, 576, 267 A.2d 527 (1970). The court concludes that the insurer must prove that the waste in question is either an irritant or contaminant in order for the exclusion to apply.

The context in which the terms "pollutant" and "irritant or contaminant" appear supports the court's conclusion. The first part of the Pollution Exclusion Clause discusses damage resulting from the "discharge, dispersal, release or escape of pollutants." The court reads the second part of the clause as modifying the first. Reading the clause in its entirety, the court finds an inconsistency between California Union's claims that the policy encompasses all forms of waste and the more limited meaning provided by the concept of a discharged pollutant. The court concludes that, in the context of the terms of the entire Pollution Exclusion Clause, the mere presence of recyclable materials cannot preclude coverage under the insurance policy without further proof that the materials are also irritants or contaminants.

To accept California Union's all encompassing definition is to assume that Hub paid for a comprehensive policy that provided almost no coverage.[2] Such an interpretation is contrary to the expectations of the insured. *Perrine v. Prudential Ins. Co.*, 56 N.J. 120, 126, 265 A.2d 521 (1970); *Kopp v. Newark Ins. Co.*, 204 N.J.Super. 415, 420, 499 A.2d 235 (1985).

The insurer had clear notice that Hub was engaged in the business of recycling. The application for insurance, for instance, identifies Hub's business as "[p]rocessing [and sale] of scrap building material, mostly brick, wood and metal." Affidavit of Joseph Lubertazzi, Exh. C. The Declarations section of the policy itself describes the business as "Building Material Dealer–

Second Hand Material." Affidavit of Riordan, Exh. A. Given the insured's knowledge of the nature of Hub's business and the clear purpose of Hub to purchase protection from liability, California Union had reason to know of Hub's more limited understanding of the policy's meaning. In such a case, the innocent and ignorant party's meaning of the policy must prevail. Restatement (Second) of Contracts, Sec. 201 (1981). The court, therefore, chooses the narrower meaning of pollutant provided by the definition "irritant or contaminant" and rejects the broader definition, urged by California Union, encompassing all waste.

The United States District Court for the District of Maine reached the same conclusion interpreting almost the identical pollution exclusion.[3] *Guilford Industries Inc. v. Liberty Mut. Ins. Co.*, 688 F.Supp. 792 (1988). To the problem of overbreadth the court noted that "almost any substance might fall within the exclusion, but it can only do so in certain very precisely drawn circumstances: if it is an irritant or contaminant." *Id.* at 794. In another pollution exclusion case, the court rejected insurer's claims that damage caused by sand and mud, resulting from real estate development, fell within the category of "irritant, contaminant or pollutant." *Molton, Allen & Williams, Inc. v. St. Paul F. & M. Ins.*, 347 So.2d 95, 100 (Ala.1977). The court applied limiting language and accepted plaintiff's claim that the exclusion was written with the purpose of excluding industrial by-products. *Id.* at 99. Interpreting a similar exclusion, the United States District Court for the District of Columbia concluded that dioxin-tainted waste oil was excluded by the clause, noting that dioxin "is not comparable to the disturbance of natural substances that was the basis for

---

**2.** The court questions whether, under California Union's reading of the Pollution Exclusion Clause, any injury involving the recyclable material would be covered and not deemed excluded as "related" to the "release or escape of pollutants." Affidavit of Riordan, Exh. A. The court, however, has no need to interpret the scope of the term "related" to resolve this motion.

**3.** The definition of "pollutant" in the liability policy at issue provided as follows:

Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.
*Guilford,* 688 F.Supp. at 793.

the underlying claims in *Molton, Allen & Williams." Independent Petrochemical Corporation, et al., v. Aetna Casualty and Surety Company, et al.,* Civil Action No. 83–3347 at 173 (September 7, 1988). In contrast to the oil at issue in *Guilford* or dioxin in *Independent Petrochemical,* the materials in issue in this case are not inherently toxic.

California Union argues that because the parties have referred to the debris as garbage and pollution, they should be barred from denying the application of the Pollution Exclusion Clause. The court concludes that the affidavits and prior testimony do not constitute binding admissions or expert testimony as to the underlying issue of whether or not there are irritants or contaminants in the Hub debris. California Union has not suggested that the insurer in any way reasonably relied on these assertions, and therefore, no question exists as to estoppel.

■ Having concluded that the exclusion clause depends upon whether the debris and recyclables dumped by Hub constitute irritants or contaminants, the court reserves this question for the fact finder. *Perrine v. Prudential Ins. Co.,* 56 N.J. 120, 265 A.2d 521 (1970). *See also, A–1 Sandblasting & Steamcleaning Co., Inc. v. Baiden,* 293 Or. 17, 643 P.2d 1260, 1262 (1982) (given insured's knowledge of plaintiff's operations, whether the exclusion should be applied to paint is a question for trial). Under the limited definition the court adopts regarding the effect of the Pollution Exclusion Clause, the court finds that California Union has failed to meet its burden of proof that the materials at the Hub facility were in fact contaminants and/or irritants. The evidence available to the court strongly suggests that at least some, if not most, of the materials were not inherently dangerous in the sense of an irritant or contaminant and thus not subject to the policy's exclusion. *See, e.g.,* Brief of Schechner, Lifson, Ackerman, Chadorcoff, Exh. A and B.

## II. NI West's Summary Judgment Motion

NI West moves for summary judgment based on the court's judgment against Hub on the trespass charge. Once liability is found, New Jersey permits an injured party to assert direct claims against the insured. *Manukas v. The American Insurance Co.,* 98 N.J.Super. 522, 524, 237 A.2d 898 (App.Div.1968); *Miney v. Baum,* 170 N.J.Super. 282, 289, 406 A.2d 234 (Law Div.1979); *Eschle v. Eastern Freight Ways,* 128 N.J.Super. 299, 306–307, 319 A.2d 786 (Law Div.1974); *Reliance Savings and Loan Association v. CNA Insurance Co.,* Civil Action No. 88–1236 (D.N.J. July 28, 1988).

■ California Union's Insurance policy is ambiguous concerning permission to file direct suits against it. One clause permits suit upon a settlement or judgment from trial against the insured while another claims that the policy does not give a third party the right to sue. Section IV, para. 7 of policy. Even if the policy does not permit the bringing of suit, the policy cannot preclude such a suit in the face of New Jersey law giving a claimant a right to bring a direct action after judgment has been entered. *In re Estate of Gardinier,* 40 N.J. 261, 265, 191 A.2d 294 (1963).

While the court permits the bringing of a direct claim against California Union, the court cannot enter summary judgment until a pleading has been filed pursuant to Rule 14, Fed.R.Civ.P., and California Union has had the opportunity to answer. The court concludes that NI West's summary judgment motion must be rejected.

■ The court further rejects California Union's motion to grant summary judgment against Usdin based on Usdin's alleged inability to bring a direct suit against California Union. While the Appellate Division in *Manukas* held that generally a party may not sue the insurer until there is a judgment against the insured, the court in dictum noted that a declaratory action could be maintained. 98 N.J.Super. at 525, 237 A.2d 898. The court finds the facts in *Manukas* distinguishable. In *Manukas,* in contrast to the simultaneous suit against the insured and insurer before the court,

summary judgment was entered against the insured prior to the plaintiff's bringing suit against the insurance company. *Id.* The court concludes that Usdin may maintain its action even though judgment has not been entered in favor of Usdin against Hub. *See, Eschle,* 128 N.J.Super. at 306, 319 A.2d 786 (permitting plaintiff to bring a direct action against the car owner, the insurer, and the insurer's agent in one action).

### Conclusion

For the foregoing reasons, summary judgment is denied.

### ORDER

THIS MATTER being opened to the Court by Bressler, Amery & Ross, Esqs., attorneys for third-party defendant California Union Insurance Company, for an Order dismissing the third-party complaints of Hub Recycling, Inc. and the Louis Usdin Company, Inc. against California Union Insurance Company and upon the cross-motion of McCarter & English, Esqs., attorneys for plaintiff, NI West, Inc., for an Order for summary judgment as to liability against third-party defendant California Union Insurance Company as to the proceeds of Commercial General Liability Policy No. EPC003187 issued by California Union Insurance Company to Hub Recycling, Inc., and opposition having been received, and the court having considered the papers submitted by the parties, and for good cause shown;

IT is on this 19th day of October, 1989 hereby

ORDERED that California Union Insurance Company's motion for summary judgment is hereby denied; and is further

ORDERED that NI West's cross-motion for summary judgment as to liability is hereby denied.