# JACKSONVILLE SHERIFF'S OFFICE v SORRELLS
## Case No. 90-41-AP
Fourth Judicial Circuit, Duval County
December 10, 1990

## APPEARANCES OF COUNSEL

**Anthony Zebouni, Esquire,** for appellant.
**Sondi Sorrells,** pro se.

## OPINION OF THE COURT

ALBAN E. BROOKE, Circuit Judge.

This is an appeal by the Jacksonville Sheriff's Office of an Order of the Civil Service Board of the City of Jacksonville which Order was entered May 31, 1990. The issues on appeal are whether the Civil Service Board departed from the essential requirements by law by its finding that the disciplinary action of the Sheriff was manifestly unjust.

The facts of this case are not in dispute. On March 31, 1990, the

appellee admitted that she was engaged in an incident when she reached into a car and pulled the hair of a woman in the automobile. She admits that thereafter she went back to the car that she was in, obtained a .25 caliber pistol and returned to the woman with whom she had had the altercation armed with that weapon. She further testified and admitted that the reason she took the gun back was to frighten the other woman.

It further appears from the record that the appellee had, on March 9, 1990, been given a written reprimand and limited suspension for acts impeding the investigation of an incident which acts cast disrepute upon the department. The written reprimand and limited suspension were under a request for hearing at the time the matter appealed from was heard and though no decision was made there was discussion about whether or not that matter could or should be dealt with prior to hearing the matter in question. The Civil Service Board determined not to take up that matter of the hearing prior to hearing on the issue of the termination which had been issued by the SHeriff on May 9, 1990. ·

At the hearing before the Civil Service Board the appellee did not present evidence other than her own testimony when she was called by the Sheriff's office and her closing statement.

At the conclusion of the hearing and after deliberation in executive session, the Board by a 4 to 2 vote found that termination of the appellee would be manifestly unjust under the circumstances and modified the discipline. The circumstances which the Board specifically cited were "service of nine years without disciplinary action prior to this incident" and "duress brought on by divorce proceedings during the time of the incident."

The term "manifest injustice" while not specifically defined in Florida cases has been given an interpretation and definition by Courts of other states. The Supreme Court of Nevada in *Price v Sinnott,* 460 P.2d 837, at page 841, said manifest injustice must be "shocking to the conscience of reasonable men". The Supreme Court of New Jersey defined manifest injustice as "a term closely akin to 'fundamental unfairness' and possibly confined to a deprivation of due process". *Howe v Strelecki,* 237 A.2d 898 (N.J. 1968) In *State of Washington v Taylor,* at 521 P.2d 699, 702 (Wash. 1974), the Supreme Court of the State of Washington defined manifest injustice as an injustice "that is obvious, directly observable, overt, non obscure . . ." For similar applications see also *State of Florida ex rel Seal v Shepard,* 299 So.2d 644, at page 645 (Fla. 1st DCA 1974) and *State Road Department of Florida v Chicone, et al.,* 158 So.2d 753, at page 757 (Fla. 1963).

30

The decision to terminate an employee for fighting and scaring another person with a firearm does not shock the Court's conscience nor can it be considered as fundamentally unfair or a denial of due process. Particularly in this case is the decision of the Sheriff supportable when one considers that there was at the time of the firearm incident a pending written reprimand and limited suspension. While the limited suspension was a matter which could be considered by the Civil Service Board the written reprimand was not. Based upon that, the finding of the Board, specifically, that nine years without disciplinary action existed is not only without basis but is patently wrong.

The findings of the Civil Service Board are not supported by competent substantial evidence nor do they comply with the essential requirements of law.

The decision of the Civil Service Board is therefore reversed and this cause is remanded for the Civil Service Board to enter an order affirming the termination of the appellee from employment with the Jacksonville Sheriff's Office.

Dated at Jacksonville, Duval County, Florida, this 10th day of December, 1990.