**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-0189-21
     A-1002-21

DAWN K. COOPER,

  Plaintiff-Appellant,

v.

UNITED SPECIALTY
INSURANCE COMPANY
and NATIONAL CLAIM
SERVICES, LLC,

  Defendants-Respondents.

_____

DAWN K. COOPER,

  Plaintiff-Appellant,

v.

FOREST HILLS 1, LLC,
C. FUSARI & SON LANDSCAPE
& DESIGN, INC. d/b/a ESSEX
DESIGN CONTRACTORS OF
NJ, LLC, FOREST HILLS URBAN
RENEWAL ASSOCIATION,
A LIMITED PARTNERSHIP,
FOREST HILL TERRACE

ASSOCIATION, INC. d/b/a
FOREST HILL TERRACE,
A CONDOMINIUM, and
FOREST HILLS GROUP, LLC,

     Defendants-Respondents.

_____

Argued June 10, 2022 – Decided July 5, 2022

Before Judges Vernoia and Firko.

On appeal from an order in A-0189-21 and an interlocutory order in A-1002-21 of the Superior Court of New Jersey, Law Division, Essex County, Docket Nos. L-3506-21 and L-9271-19.

Cory J. Rothbort argued the cause for appellant (Mazie Slater Katz & Freeman, LLC, attorneys; David M. Freeman, Cory J. Rothbort and Trevor D. Dickson, on the briefs).

Sherri Pavloff (Stonberg Morgan, LLP) of the New York bar, admitted pro hac vice, argued the cause for respondents United Specialty Insurance Company and National Claim Services, LLC (Michael S. Stonberg (Stonberg Morgan, LLP) and Sherri Pavloff, attorneys; Michael S. Stonberg, on the brief).

Jonathan R. Mehl argued the cause for respondent Forest Hill Terrace Association, Inc.

PER CURIAM

     In these appeals that were calendared back-to-back and consolidated for the purpose of a single opinion, we address insurance-related claims. The issues

presented arise from defendant Forest Hill Terrace Association, Inc.'s (Forest Hill) decision not to request indemnification, under a general liability policy issued by defendant United Specialty Insurance Co. (United), for plaintiff Dawn K. Cooper's claim she suffered personal and economic injuries when she allegedly slipped and fell in a laundry room in the condominium complex for which Forest Hill serves as the condominium association.

Plaintiff argues the decision not to tender the claim may allow United to later deny coverage and, as a result, she will be deprived of her interest in the proceeds of the policy if she recovers a judgment against Forest Hill. In Forest Hill's view, plaintiff's personal injury claim is devoid of merit, and it therefore decided to defend itself in plaintiff's personal injury suit and pay any putative damage award without recourse to its rights under the policy to avoid what it anticipates would be increased future insurance premiums if it tendered a claim to United.

In A-1002-21, plaintiff appeals from an order in her personal injury lawsuit denying her motion to compel Forest Hill to tender an indemnification claim to United. In A-0189-21, plaintiff appeals from an order dismissing her complaint against United seeking a declaratory judgment United is obligated to provide indemnification to Forest Hill under the policy for any damages plaintiff

3

recovers against Forest Hill, and United is required "to provide medical expense benefits" under the policy.

Based on our review of the record and the parties' arguments, in A-1002-21 we vacate the order denying plaintiff's motion to compel Forest Hill to tender a claim to United and we remand for further proceedings. In A-0189-21 we affirm the court's order granting United's motion to dismiss plaintiff's declaratory judgment complaint without prejudice.

I.

The genesis of the two lawsuits from which the pending appeals are taken is plaintiff's claim she suffered personal injuries when she slipped and fell in the laundry room of a condominium complex. At the time of the alleged accident, Forest Hill had a general liability insurance policy with United providing $1,000,000 of liability coverage, and $5,000 in medical expense coverage with a $5,000 deductible.

Plaintiff filed a personal injury suit against Forest Hill alleging her injuries were caused by its negligence.[1] In response to a motion filed on plaintiff's behalf, the court ordered Forest Hill to provide plaintiff with insurance

---

[1] Plaintiff's personal injury complaint asserted claims against other defendants as well. We do not address those claims or discuss the other defendants because they are not relevant to the issues presented on appeal.

information and permitted plaintiff to contact Forest Hill's liability carrier, United, concerning her claim. On January 15, 2021, plaintiff provided notice of her claim directly to United, and United does not dispute it has notice of plaintiff's claim against Forest Hill. Forest Hill did not request a defense or indemnification coverage under the policy from United and, although it acknowledges receipt of notice of plaintiff's personal injury lawsuit, United has not made any coverage determinations under the policy in the absence of a request for coverage from Forest Hill.

Plaintiff later filed a separate lawsuit pursuant to the Uniform Declaratory Judgments Act, N.J.S.A. § 2A:16-50 to -62. She sought a judgment directing United "provide liability benefits, including indemnification to" Forest Hill pursuant to the "COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY" provision (the bodily injury liability provision) of the Forest Hill insurance policy. Plaintiff also sought a judgment directing United "provide medical expense benefits to plaintiff" for her injuries sustained in the laundry room accident pursuant to the "COVERAGE C MEDICAL PAYMENTS" provision (the "medical payments provision") of the policy. In response to the complaint, United filed a Rule 4:6-2(e) motion to dismiss for failure to state a claim upon which relief may be granted.

A-0189-21

On September 10, 2021, the court granted United's motion, dismissing plaintiff's complaint without prejudice. The court reasoned that plaintiff did not have "third-party beneficiary status to enforce" Forest Hill's rights under the policy and plaintiff did not possess an "actionable interest in the policy" at that time sufficient to require that United take a position concerning indemnification coverage. The court also found plaintiff's claim for medical expense benefits was premature and not yet ripe.

The court explained that although the Condominium Act, N.J.S.A. 46:8B-1 to -38, and specifically N.J.S.A. 46:8B-14(e), requires condominium associations "purchase and maintain liability insurance for injuries that occur within the common areas of the [c]ondominium," and Forest Hill's by-laws similarly state it shall maintain a liability policy, those requirements do not mandate that Forest Hill seek coverage under its liability policy when presented with a claim. The court also determined it could not grant the requested relief— a declaratory judgment Forest Hill is entitled to indemnification coverage and medical expense benefits coverage under the policy—because Forest Hill, as the insured, did not tender a claim and request coverage. The court entered an order dismissing plaintiff's declaratory judgment action without prejudice.

6

Eleven days later, plaintiff moved before a different court in the personal injury action to compel Forest Hill to tender plaintiff's personal injury claim to United. In an October 22, 2021 order, the court denied the motion without prejudice. In scant findings supporting its denial, the court stated that it adopted the court's determination in the declaratory judgment action that plaintiff did not have standing under the Condominium Act or any decisional law.[2]

---

[2] We observe there is a contradiction in the court's findings. The court states it adopts the court's determination in the declaratory judgment action that plaintiff lacked standing, but then incongruously states "plaintiff does in fact have third-party standing." In the latter statement, the court clearly misspoke. Given the context of the court's other statements to the parties, and its order, it is clear the court adopted the declaratory judgment action court's determination plaintiff did not have standing. Indeed, the court made no findings supporting a conclusion plaintiff had standing and expressly stated it adopted the declaratory judgment action court's determination plaintiff did not have standing. Moreover, on appeal, the parties do not dispute the court determined plaintiff lacked standing to move to compel Forest Hill to seek indemnification coverage from United. Plaintiff's merits brief challenges the court's determination she did not have standing; the second point of her brief is "PLAINTIFF HAS STANDING TO ENFORCE THE POLICY," and Forest Hill's brief includes a point heading stating "[PLAINTIFF] HAS NO STANDING TO ENFORCE THE . . . POLICY[.]"

In dicta, the motion court also observed there is no requirement an insured make a claim under an available insurance policy. In our view, that issue was not properly presented to the court because Forest Hill, the insured, was not named as a party to the declaratory judgment action and plaintiff did not seek a declaratory judgment against Forest Hill on the issue. The court's observation shall not be considered binding on the parties, who are free to raise the issue for the court's consideration anew as appropriate in accordance with the Rules of

A-0189-21

We granted plaintiff leave to appeal from the courts' orders and calendared the appeals back-to-back.  We consider plaintiff's appeals in turn.

## II.

In her appeal, A-0189-21, from the order dismissing the declaratory judgment complaint, plaintiff argues the court erred because:  she is a third-party beneficiary of Forest Hill's insurance policy and therefore entitled to the requested relief under the Uniform Declaratory Judgments Act, N.J.S.A. 2A:16-50 to -62, and N.J.S.A. 2A:15-2[3]; she has standing to enforce United's obligation under the policy to provide indemnification coverage; and her request for a determination United is obligated to indemnify Forest Hill is ripe for adjudication.  She also argues she is entitled to assert a first-party direct cause of action against United for recovery of medical expenses under the policy because she has actually incurred medical expenses.

"Rule 4:6-2(e) motions to dismiss for failure to state a claim upon which relief can be granted are reviewed de novo."  Baskin v. P.C. Richard & Son,

---

Court on our remand in the personal injury action and in any future declaratory judgment action.

[3] N.J.S.A. 2A:15-2, provides:  "A person for whose benefit a contract is made, either simple or sealed, may sue thereon in any court and may use such contract as a matter of defense in an action against him although the consideration of the contract did not move from him."

LLC, 246 N.J. 157, 171 (2021). "'At this preliminary stage of the litigation the [c]ourt is not concerned with the ability of plaintiffs to prove the allegation contained in the complaint,' and the plaintiff is 'entitled to every reasonable inference of fact.'" Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 107 (2019) (quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)). The court must search the complaint "thoroughly 'and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary.'" Baskin, 246 N.J. at 171 (quoting Printing Mart, 116 N.J. at 746). Only where the court concludes "the complaint states no claim that supports relief, and discovery will not give rise to such a claim, the action should be dismissed." Dimitrakopoulos, 237 N.J. at 107.

We affirm the court's dismissal of plaintiff's complaint seeking a declaratory judgment that United is required to provide indemnification to Forest Hill for any judgment obtained by plaintiff against Forest Hill in the personal injury lawsuit. The complaint was correctly dismissed without prejudice because the asserted claim is not ripe for adjudication.

A-0189-21

A claim is "ripe" for adjudication only where "the harm asserted has matured sufficiently to warrant judicial intervention." Trombetta v. Mayor & Comm'rs of Atlantic City, 181 N.J. Super. 203, 223 (Law Div. 1981). "A case's ripeness depends on two factors: '(1) the fitness of issues for judicial review and (2) the hardship to the parties if judicial review is withheld at this time.'" Comm. to Recall Robert Menendez from the Office of U.S. Senator v. Wells, 204 N.J. 79, 99 (2010) (quoting K. Hovnanian Cos. of N. Cent. Jersey, Inc. v. N.J. Dep't of Envtl. Prot., 379 N.J. Super. 1, 9 (App. Div. 2005)). "A declaratory judgment claim is not ripe for adjudication if the facts illustrate that the rights or status of the parties 'are future, contingent, and uncertain.'" Garden State Equality v. Dow, 434 N.J. Super. 163, 189 (Law Div. 2013) (quoting Indep. Realty Co. v. Twp. of N. Bergen, 376 N.J. Super. 295, 302 (App. Div. 2005)).

Plaintiff obtained an interest in Forest Hill's liability policy at the moment she was allegedly injured. In re Estate of Gardinier, 40 N.J. 261, 265 (1963); Dransfield v. Citizens Cas. Co. of N.Y., 5 N.J. 190, 194 (1950); Hanover Ins. Co. v. McKenney, 245 N.J. Super. 282, 287-88 (Law Div. 1990). However, the policy in which plaintiff obtained the interest includes an express limitation on the suits that may properly be brought against United. More particularly,

paragraph 3 of "SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS" of the policy provides:

> No person or organization has a right under this Coverage Part:
>
> a. To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or
>
> b. To sue us on this Coverage Part unless all of its terms have been fully complied with.
>
> A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.

"The basic purposes" of this type of provision, otherwise known as a no-action clause, are two-fold: first, "to avoid joinder of the insurance company by the injured person in the damage action against the insured, and" second, "to prevent suit against the carrier by the injured person or the insured until the [d]amages have been fixed by final judgment after trial of that action or by proper agreement." Condenser Serv. & Eng'g Co. v. Am. Mut. Liab. Ins. Co., 45 N.J. Super. 31, 41 (App. Div. 1957). The provision is in accord with the general principle that, "[o]rdinarily, an injured person possesses no direct cause

11

of action against the insurer of the tortfeasor prior to recovery of judgment against the latter[.]"  Manukas v. American Ins. Co., 98 N.J. Super. 522, 524 (App. Div. 1968).

Here, paragraph (a) of the no-action provision of the policy bars suits for damages against United until there is a "final judgment against the insured." Plaintiff's declaratory judgment action does not seek damages against United, and therefore paragraph (a) of the no-action provision prohibiting suits for damages is inapplicable to plaintiff's declaratory judgment complaint.

Paragraph (b) of the no-action provision is not limited to suits for damages.  It bars suits on the "Coverage Part unless all of its terms have been fully complied with."  Under the policy's plain language, a suit on the "Coverage Part," including one for declaratory judgment, is permitted as long as the policy's "terms have been fully complied with."

Plaintiff's complaint does not assert the policy's terms have been "fully complied with," and plaintiff acknowledges Forest Hill has not complied with the terms required to obtain indemnification coverage under the policy.  Forest Hill did not request coverage under the policy and instead opted not to tender a claim or seek indemnification from United in the first instance.  Indeed, plaintiff recognized Forest Hill's failure to take the actions required under the policy to

12

obtain coverage; plaintiff moved in the personal injury action to compel Forest Hill to comply with what she contends are the terms of the policy—by tendering a claim and requesting coverage—to assure indemnification coverage is later available in the event she obtains a judgment. Thus, plaintiff does not claim she is entitled to sue for a declaratory judgment under the no-action provision of the policy because she acknowledges the terms under which United would be required to provide indemnification have not been "fully complied with."

For those reasons, plaintiff's request for declaratory relief was not ripe for adjudication. Plaintiff claims an entitlement to bring suit to enforce the policy terms against United, but she failed to plead facts allowing suit against United under the policy's no-action provision. Moreover, plaintiff acknowledges that, as a matter of fact, compliance with the terms of the policy that would establish United's indemnification obligation have not yet been satisfied because Forest Hill did not tender a claim and request indemnification from United.

We recognize that no-action provisions in insurance policies are "never . . . intended to serve nor can [they] be construed to serve, the purpose of avoiding a declaration of rights when the insurer allegedly has repudiated the contract and declined to furnish an agreed defense of a covered damage action." Condenser, 45 N.J. Super. at 41 (emphasis added). In support of her claim the

court erred by dismissing her declaratory judgment complaint, plaintiff relies on cases where an insurer attempted to "repudiate[] the contract," see McNally v. Providence Washington Ins. Co., 304 N.J. Super. 83, 89-91 (App. Div. 1997) (insureds sought declaration of coverage due to insurer's position "the relevant [provisions of the] policies did not cover" the claims asserted against the insured); Caldwell Trucking PRP Grp. v. Spaulding Composites, Co., 890 F. Supp. 1247, 1251-52 (D.N.J. 1995) (both the plaintiff and defendant-insured, in a suit for contribution for hazardous substance contamination clean up, sought a declaration of coverage from defendant's insurers), but those cases have no application here because plaintiff does not allege United repudiated the liability policy or declined coverage. Rather, it is alleged only that United has not taken a coverage position because although it has notice of plaintiff's claim against Forest Hill, no request for coverage from Forest Hill has been tendered.

Our decision in Manukas, 98 N.J. Super. at 523-24, does not support a different conclusion. In Manukas, the injured plaintiff filed a direct action to recover damages against the insurer of an alleged tortfeasor, a church, following an award of summary judgment in the church's favor finding it not liable under the charitable immunity statute, N.J.S.A. 2A:53-7. Ibid. The plaintiff claimed the insurance carrier was liable under the policy to cover the damages to which

14

plaintiff claimed entitlement even though the church had charitable immunity and had no liability for damages under N.J.S.A. 2A:53-7. Id. at 524.

We affirmed the trial court's summary judgment determination "there is no liability under the policy," ibid., and explained the "plaintiff [could] not proceed against [the insurer] until it first establishes the church's negligence and the quantum of damages in an action against the church or to which the church is a party," id. at 525. In dicta, we suggested the plaintiff could have commenced a declaratory judgment action against the insurer carrier in the personal injury action against the church or in a separate action against the insurance carrier and church, but the issue about which we suggested plaintiff could seek a declaratory judgment was not whether there was coverage under the insurance policy, which included a no-action provision. Ibid.

We suggested plaintiff may have sought a declaratory judgment concerning the interpretation of N.J.S.A. 2A:53A-7, the statute upon which the court relied in the underlying personal injury action in granting the church summary judgment and upon which plaintiff relied in the direct action against the insurance carrier. Ibid. There are no similar circumstances extant here—plaintiff's declaratory judgment complaint sought a determination United owed Forest Hill indemnification coverage—and, even if there were similar

15

circumstances, plaintiff never sought a declaratory judgment in an action against United and Forest Hill.

The no-action provision in the policy, limiting direct suits against United under the coverage provision upon which plaintiff bases its claimed entitlement to a declaratory judgment, bars plaintiff's complaint against United because the carrier has not "repudiated the contract [or] declined to furnish an agreed defense," Condenser, 45 N.J. Super. at 41, but instead United has never been requested by Forest Hill to provide coverage. Plaintiff does not allege, or cite to any legal authority establishing, United is legally obligated to provide coverage under a policy, or make a coverage determination, on a claim for which the insured has decided to forego coverage. Again, that is the reason plaintiff separately moved to compel Forest Hill to tender the claim to United; she recognized United has no obligation to provide indemnification coverage for a claim Forest Hill opted not to tender. The court correctly dismissed plaintiff's complaint seeking a declaration of coverage under such circumstances; plaintiff's cause of action for a declaratory judgment United is obligated to provide indemnification coverage to Forest Hill is simply not ripe for adjudication.

A-0189-21

For the same reason, we agree with the court's conclusion plaintiff lacked standing to prosecute the declaratory judgment against United. "Generally . . . our State has a 'low threshold' for standing." Bondi v. Citigroup, Inc., 423 N.J. Super. 377, 437 (App. Div. 2011) (quoting In re Six Month Extension of N.J.A.C. 5:91-1 et seq., 372 N.J. Super. 61, 85 (App. Div. 2004)). Standing is "define[d] broadly" and "generally will be found where the party seeking relief has a sufficient personal stake in the controversy to assure adverseness, and the controversy is capable of resolution by the court." State v. Lavrik, ___ N.J. Super. ___, ___ (App. Div. 2022) (slip op. at 11).

Here, lacking a judgment against Forest Hill upon which a proper indemnification claim against United could be based, and absent a claim founded on the satisfaction of all the policy terms requiring indemnification, plaintiff's declaratory judgment action against United sought relief the trial court, based on a of lack ripeness, was incapable of providing. Ibid. Plaintiff therefore lacked standing to prosecute her complaint for a declaratory judgment on the issue of indemnification under the policy; again, Forest Hill, as the insured, decided not to seek indemnification under the policy from United.

For those reasons, we affirm the court's order dismissing plaintiff's declaratory judgment complaint against United. It is therefore unnecessary to

address plaintiff's remaining arguments concerning the court's other reasons for dismissing the complaint. We express no opinion as to the other arguments raised in support of plaintiff's challenge to the dismissal order, all of which may be renewed by plaintiff in response to any future motions filed in that matter.

We also do not address the merits of plaintiff's claim the court erred by dismissing her claim for a declaratory judgment United is obligated to pay her medical expenses under the "medical expense" provision of the policy. Although we granted plaintiff leave to appeal from the portion of the order dismissing the claim, based on our review of the record, we are not convinced it is appropriate to review the determination on an interlocutory basis. See Vitanza v. James, 397 N.J. Super. 516, 517 (App. Div. 2008) ("The grant of interlocutory review is 'highly discretionary' and 'customarily exercised only sparingly.'" (quoting State v. Reldan, 100 N.J. 187, 205 (1985))). We therefore do not address the merits of plaintiff's challenge to the court's dismissal of her medical expense claim. Plaintiff may appeal from the court's dismissal of the claim, and assert any arguments supporting her challenge to the dismissal, on her appeal following entry of the final order in the matter.

## III.

We next consider plaintiff's challenge to the court's order denying her motion to compel Forest Hill to tender a claim for coverage to United for any damages plaintiff might recover against Forest Hill as a result of the laundry room accident. As noted, the court denied the motion based on its limited finding plaintiff did not have standing to assert the claim against Forest Hill. The court's finding was founded on its adoption of the court's determination in the declaratory judgment action that plaintiff did not have standing to assert her claim against United. In other words, the court found plaintiff did not have standing to assert a claim against Forest Hill because another court decided plaintiff did not have standing to assert a claim against United.

In making its determination on that singular basis, the court did not address or decide the merits of plaintiff's numerous other arguments, all of which she reprises on appeal. For example, the court did not address plaintiff's claim Forest Hill's decision not to tender a claim to United is an ultra vires act that violates the Condominium Act's requirement that a condominium association maintain a liability insurance policy, see N.J.S.A. 46:8B-14(e), and also violates Forest Hill's by-laws requiring it maintain a liability insurance policy. The court also did not address plaintiff's claim that Forest Hill's decision not to tender the

19

claim violates a public policy that persons injured by a condominium association's negligence are entitled to recourse against an insurance carrier who issues what plaintiff characterizes as mandatory liability insurance.

Similarly, the court did not make findings of fact and conclusions of law, R. 1:7-4, addressing Forest Hill's substantive defenses to plaintiff's motion, including its assertions the Condominium Act expressly authorizes a condominium association to control its own defense to any claim asserted against it, see ibid., and otherwise does not require submission of a claim to an insurance carrier, and that its decision not to submit the claim constitutes a proper exercise of its reasonable business judgment, see Owners of the Manor Homes of Whittingham v. Whittingham Homeowners Ass'n, Inc., 367 N.J. Super. 314, 322 (App. Div. 2004) (explaining the "business judgment rule").

We are therefore presented with a challenge to an order entered by the court on a narrow and limited ground—plaintiff's purported lack of standing—that is based on numerous other arguments the court did not consider or decide in the first instance. We opt not to address the merits of the numerous substantive issues presented for two reasons. First, based on its conclusion plaintiff lacked standing, the motion court did not make the findings of fact and conclusions of law as to the merits of the parties' numerous other substantive

arguments, see R. 1:7-4(a), and "our function as an appellate court is to review the decision of the trial court, not to decide [a] motion tabula rasa," Est. of Doerfler v. Fed. Ins. Co., 454 N.J. 298, 302 (App. Div. 2018).

Second, our review of the order is hampered by plaintiff's failure to include the motion papers presented to the court. See R. 2:6-1(a)(1)(I) (requiring the record on appeal contain all parts of the trial record "as are essential to the proper consideration of the issues"). We have no obligation "to attempt to review . . . an issue when the relevant portions of the record are not included" on appeal. Cmty. Hosp. Grp., Inc. v. Blume Goldfaden Berkowitz Donnelly Fried & Forte, P.C., 381 N.J. Super. 119, 127 (App. Div. 2005). And, we have found appellate review of a motion order "impossible" where, as here, an appellant "fail[s] to include in their appendix the notice of motion filed in the trial court and whatever papers were submitted in support thereof." Soc'y Hill Condo. Ass'n, Inc. v. Soc'y Hill Assocs., 347 N.J. Super. 163, 177-78 (App. Div. 2002).

We therefore do not address or decide the merits of the numerous arguments the parties present concerning Forest Hill's decision not to seek

A-0189-21

indemnification coverage from United.[4]  Instead, we address only the merits of the single issue decided by the motion court—plaintiff's purported lack of standing—based on our conclusion the court's statement of reasons and the parties' arguments on appeal permit a determination of that issue on the merits.

As noted, the court denied plaintiff's motion to compel Forest Hill to seek indemnification under the United policy based on its adoption of the determination of the court in the declaratory judgment action that plaintiff lacked standing.  As we have explained, the action for a declaratory judgment United is obligated to provide indemnification coverage was properly dismissed because plaintiff's claims were not ripe for adjudication and she therefore lacked standing.  See Lavrik, ___ N.J. Super. at ___ (slip op. at 11) (explaining "standing will generally be found where the party seeking relief has sufficient personal stake in the controversy to assure adverseness, and the controversy is capable of resolution by the court" (emphasis added)).

Plaintiff's putative claim against Forest Hill rests on a different foundation than her claim against United and, for that reason, her standing to assert the

---

[4]  As we explain, because we determine plaintiff has standing to challenge Forest Hill's refusal to tender the claim to United, we remand all the other issues and the parties' arguments for the trial court's consideration and determination in the first instance based on a more fulsome record.

claim against Forest Hill requires a different analysis. Unlike her putative declaratory judgment claim against United, plaintiff's claim Forest Hill is obligated to seek indemnification coverage from United is not subject to the no-action provision of the policy and is not dependent on her obtaining a judgment against Forest Hill or on her establishing all the terms of the policy have been fully complied with. Rather, her claim is founded on the assertion that if Forest Hill does not tender the claim to United immediately, and long prior to the return of any verdict against Forest Hill, she will suffer the loss of the ability to recover the proceeds of an insurance policy Forest Hill is required under the Condominium Act and Forest Hill's by-laws to maintain in part for her benefit. See Werrman v. Aratusa, Ltd., 266 N.J. Super. 471, 476 (App. Div. 1993) (finding "compelling and persuasive" the reasoning "that an injured party acquires an interest in an insurance policy which may be available to cover the accident") (emphasis added) (quoting Eschle v. Eastern Freight Ways, Inc., 128 N.J. Super. 299, 306 (Law Div. 1974)).

Our liberal view of standing is premised on the principle that, "[i]n the overall we have given due weight to the interests of individual justice, along with the public interest, always bearing in mind that throughout our law we have been sweepingly rejecting procedural frustrations in favor of 'just and

23

expeditious determinations on the ultimate merits.'"  Jen Elec., Inc. v. Cnty. of Essex, 197 N.J. 627, 645 (2009) (quoting Crescent Park Tenants Ass'n v. Realty Equities Corp., 58 N.J. 98, 107-08 (1971)).  The Court explained "that principle is premised on a core concept of New Jersey jurisprudence," specifically "that our 'rules of procedure were not designed to create an injustice and added complications but, on the contrary, were devised and promulgated for the purpose of promoting reasonable uniformity in the expeditious and even administration of justice.'"  Ibid. (quoting Handelman v. Handelman, 17 N.J. 1, 10 (1954)).

Measured against these principles, we are convinced plaintiff has standing to assert her claim Forest Hill breached a legal duty by failing to seek indemnification coverage from United.  As we have explained, she obtained an interest in the policy at the moment she was injured, Dransfield, 5 N.J. at 194, which could not be foreclosed by the actions of either Forest Hill or United, In re Estate of Gardinier, 40 N.J. at 265.  In our view, an injured party's interest in a policy may also not be foreclosed by an insured's allegedly improper decision not to timely request indemnification coverage.

An injured party's interest in the policy is that it provides a source of recovery for the satisfaction of a judgment obtained against the insured.

A-0189-21

Werrman, 266 N.J. Super. at 475. That interest may be effectively forfeited by an insured's decision not to timely tender a claim for coverage to the insurance carrier. See, e.g., Cooper v. Gov't Emp. Ins. Co., 51 N.J. 86, 94 (1968). Thus, depriving an injured party the opportunity to challenge the insured's decision not to seek indemnification coverage until after a judgment is obtained against the insured—by finding the injured party lacks standing—effectively allows the insured to unilaterally forfeit an injured party's recognized interest in the policy.

Plaintiff has an interest in the policy and in Forest Hill's decision to risk forfeiting plaintiff's potential recovery under the policy. She also has sufficient adverseness to Forest Hill for standing to bring claims challenging the validity of Forest Hill's decision not to seek indemnification coverage from United. Lavrik, ___ N.J. Super. at ___ (slip op. at 11). Given Forest Hill's failure to seek indemnification under the policy, and its clearly stated intention not to do so, plaintiff faces a substantial likelihood of harm—the irretrievable loss of any potential recovery under the policy—if she is denied standing to promptly challenge the validity of Forest Hill's actions and decision. See In re Camden County, 170 N.J. 439, 446-47 (2002) (explaining "[o]nly a substantial likelihood of some harm visited upon the plaintiff in the event of an unfavorable outcome

A-0189-21

is needed for the purpose of standing") (quoting <u>N.J. Chamber of Com. v. N.J. Election Law Enf't Comm'n</u>, 82 N.J. 57, 67 (1980)).

We apply the principles governing standing—"to aid justice and" to "deprecate [the] 'procedural frustrations'"—that are undermined by the court's determination plaintiff will not have standing to challenge Forest Hill's decision and actions until it is too late to assure plaintiff's interest in the policy is protected. <u>Bondi</u>, 423 N.J. at 436 (quoting <u>Jen Elec., Inc.</u>, 197 N.J. at 645). Because the court erred by denying plaintiff's motion to compel solely based on its finding she lacked standing, we vacate the court's order denying plaintiff's motion to compel and remand for further proceedings in accordance with this opinion. Our remand order shall not be construed as an expression of an opinion on the merits of plaintiff's claim she is entitled to the relief requested. "Standing refers to the plaintiff's ability or entitlement to maintain an action before the court," <u>In re Baby T</u>, 160 N.J. 332, 340 (1999) (quoting <u>N.J. Citizen Action v. Riviera Motel Corp.</u>, 296 N.J. Super. 402, 409 (App. Div. 1997)), and a finding a plaintiff has standing "neither depends on nor determines the merits of a plaintiff's claim," <u>Watkins v. Resorts Int'l Hotel & Casino, Inc.</u>, 124 N.J. 398, 417 (1991). We determine only plaintiff has standing to assert her claim concerning Forest Hill's decision not to seek indemnification from United under

the policy; the court shall address the merits of the claim Forest Hill could not properly decide not to tender a claim based on the record and arguments presented by the parties.

In ordering the remand, we observe plaintiff's request for relief in the personal injury action was presented in an unusual, and in our view, incorrect manner. Plaintiff's complaint in the personal injury action alleged only negligence claims against Forest Hill. The complaint did not assert causes of action alleging Forest Hill violated a legal duty—contractual or otherwise—by deciding it would not tender a claim to United for indemnification under the policy. See Sattelberger v. Telep, 14 N.J. 353, 363 (1954) (explaining "[p]leading in civil actions is the means of raising issues for adjudication"). Indeed, plaintiff did not seek a declaratory judgment Forest Hill is legally obligated to tender the claim to United in either the personal injury action or in the declaratory judgment action she brought against United.

Nonetheless, despite the lack of any asserted cause of action against Forest Hill seeking a declaratory judgment or other relief based on its decision not to tender the claim, plaintiff moved for relief in the form of an order directing that it seek indemnification coverage based on a cause or causes of action never formally pleaded. Moreover, as plaintiff's counsel acknowledged during oral

argument on appeal, there is no court rule that authorizes the granting of the relief sought in plaintiff's motion to compel Forest Hill to tender the claim to United.[5]

We appreciate the process—a motion to compel—employed by plaintiff to seek the requested relief was not challenged in the motion court and has not been challenged on appeal. We also recognize parties may "waive formal pleading of operative facts and by consent submit an issue to the court for determination." Sattelberger, 14 N.J. at 363. And, again, because the record on appeal does not include the motion papers, we are unable to fully assess the manner, and the applicable court rules under which, the substantive issues were actually presented to the motion court. It appears, however, that regardless of the manner in which she framed her request for relief, plaintiff's motion to compel constituted the functional equivalent of a motion for summary judgment

---

[5] During oral argument, plaintiff's counsel correctly noted Rule 4:10-2(b) provides a party may obtain discovery concerning the existence and contents of any insurance agreement under which a person or entity may be liable to satisfy a judgment. The Rule does not authorize a court to grant a motion to compel a person or entity to seek coverage under a policy, and, although we have not been provided with the motion papers presented to the trial court, it does not appear plaintiff relied on Rule 4:10-2(b) as grounds supporting its motion to compel Forest Hill to tender an indemnification claim to United.

A-0189-21

on a non-pleaded claim made without compliance with the requirements of the applicable rules. See R. 4:46-1 to -6.

In our view, to properly present the pertinent issues to the trial court, and to create the record necessary for any future appellate review, the relief sought by plaintiff should be founded on the assertion in a complaint of the causes of action she contends support her request for a judgment compelling Forest Hill to seek indemnification under the policy, with the concomitant opportunity for Forest Hill to properly respond to the claims asserted, see Spring Motors Distributors, Inc. v. Ford Motor Co., 191 N.J. Super. 22, 29 (App. Div. 1983), aff'd in part rev'd in part on other grounds, 98 N.J. 555 (1985) ("To be adequate, a pleading must contain a statement of facts on which a claim is based, showing that the pleader is entitled to relief, and a demand for judgment for that relief" therefore providing a defendant with the opportunity to respond fully and properly through an answer), and with the disposition of the asserted claims in accordance with the Rules of Court. Thus, on remand, plaintiff shall be permitted to move to amend her complaint in the personal injury action or file a separate complaint in a declaratory judgment action to assert whatever causes of action she contends support her claim Forest Hill breached a legal duty by failing to seek indemnification from United and her request for a judgment. All

29

motions and any complaint filed shall be adjudicated in accordance with the applicable Rules of Court.

In A-0189-21, the court's order dismissing the declaratory judgment complaint without prejudice is AFFIRMED. In A-1002-21, the court's order denying Forest Hill's motion to compel is REVERSED, and the matter is REMANDED for further proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

30